NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RANDAL L. WISE,<br><br>    Plaintiff,<br><br>v.<br><br>POLICE, *et al.*,<br><br>    Defendants. | Civil Action No. 23-22323 (MAS) (TJB)<br><br>**OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Randal L. Wise's purported civil rights complaint. (ECF No. 1.) As Plaintiff was previously granted *in forma pauperis* status in this matter (ECF No. 13), the Court is required by § 1915(e)(2)(B) to screen Plaintiff's complaint and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. For the following reasons, Plaintiff's complaint shall be dismissed without prejudice in its entirety.

**I.   BACKGROUND**

Plaintiff is a federal prisoner who was recently sentenced to a 288-month sentence for child pornography and attempted enticement of a minor, charges of which he was convicted following a jury trial. (*See United States v. Wise*, Docket No. 20-102 at ECF Nos. 114, 161.) In his current complaint, Plaintiff asserts, based on information obtained by a paralegal service he hired and his own speculation as to evidence offered against him at trial, that various prosecutors, police officers, and federal officers conspired to fabricate evidence against him, hide exculpatory evidence from

him, and cover up these actions through the knowing use of perjured testimony. (ECF No. 1.) Although styled as a civil complaint, Plaintiff's current pleading appears to be a disguised attack on his criminal conviction and tracks the motion for a new trial filed in his criminal case, which this Court previously denied. (*See Wise*, Docket No. 20-102 at ECF Nos. 158-59.)

## II.  LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.  DISCUSSION

Plaintiff seeks to raise civil rights claims against federal prosecutors, federal investigators, and police officers. Plaintiff asserts that they fabricated evidence against him for use at his criminal trial, denied him exculpatory evidence to which he was entitled under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and suborned perjury to cover up these alleged misdeeds. Plaintiff also asserts that the various officers conspired to undertake these acts.

Turning initially to Plaintiff's conclusory allegation that each officer "conspired" to deprive him of his rights, the Court notes that blanket allegations of conspiracy are insufficient to state a federal civil rights claim in the absence of specific factual allegations showing the elements of a conspiracy – agreement and concerted action. *See Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008). The "bare allegation of an agreement is insufficient to sustain a conspiracy claim." *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012). Moreover, a plaintiff may not show a conspiracy by merely asserting that two parties' actions had the same result or were the result of even "conscious parallelism" without specific allegations supporting agreement and concerted action as to each defendant. *Desposito v. New Jersey*, No. 14-1641, 2015 WL 2131073,

3

at *14 (D.N.J. May 5, 2015). Here, Plaintiff merely asserts that there was a conspiracy without pleading facts to show that the various Defendants agreed to undermine his rights and then acted together to do so. Plaintiff has thus not sufficiently pled any facts to support his claims of a conspiracy against him. Indeed, Plaintiff does not clearly allege which Defendants altered which specific documents or took which specific action. Plaintiff's conspiracy allegations thus fail to state a claim.

Moving beyond the conspiracy, Plaintiff's substantive claims all relate to the fabrication of evidence, the knowing suppression of exculpatory evidence, and the knowing use of perjured testimony to cover up those acts. Each of these claims, however, strikes at the heart of the validity of Plaintiff's underlying conviction, and success on any of these claims in this matter would directly undermine that conviction. Under *Heck v. Humphries*, 512 U.S. 477, 486-87 (1994), and its progeny, however, a prisoner may not use a civil rights matter to attack his conviction or sentence, nor may he recover monetary damages arising out of alleged violations that would impugn the validity of his conviction or sentence. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). A convicted prisoner's claim is therefore barred, absent the prior invalidation of his conviction or sentence "no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit . . . *if* success in that action would necessarily demonstrate the invalidity of his confinement or its duration." *Id.* To the extent they have merit, claims of fabricated evidence, *Brady* violations, and the suborned use of perjured testimony to cover up such wrongdoings, if successful, would imply the invalidity of a prisoner's conviction and sentence. *See, e.g., Skinner v. Switzer*, 562 U.S. 521, 536-37 (2011) (meritorious *Brady* claim necessarily implies invalidity of conviction and would be *Heck* barred); *Long v. Atl. City Police Dep't*, 670 F.3d 436, 447 (3d Cir. 2012) (alleged use of perjured testimony and fabricated falsely inculpatory evidence necessarily implies the invalidity of a conviction and is *Heck* barred.) As Plaintiff has

4

been convicted and sentenced on the charges he is seeking to undermine in this action, and as success on any of his substantive claims would necessarily imply the invalidity of his conviction and sentence, Plaintiff's claims are barred by the *Heck* doctrine and must be dismissed without prejudice as such. Plaintiff may not pursue such claims in a civil rights action unless and until he successfully overturns his conviction on either direct appeal or through a habeas proceeding.

### IV.    CONCLUSION

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety as *Heck* barred. An order consistent with this Opinion will be entered.

*/s/ Michael A. Shipp*
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**